## THOMAS H. BROCKMAN CO., Inc., v. RIESS.

### No. 17531.

Court of Appeal of Louisiana. Orleans.

March 10, 1941.

Porteous, Johnson & Humphrey, of New Orleans, for appellant.

Frank Wm. Hart, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit for $526.18, the cost of certain repairs to a Koehring Crawler Crane belonging to the plaintiff, Thomas H.

Brockman Company, Inc., which, it is alleged, the defendant, John Riess, should pay, because the repairs were made necessary by the carelessness and inefficiency of defendant's employees in operating the crane when it was in defendant's possession as lessee. Riess, in his answer, denied responsibility upon the ground that the repairs to the crane were occasioned by ordinary wear and tear and not due to his fault.

The trial court gave judgment for defendant upon the ground that the plaintiff had failed "to maintain the burden of proof." Plaintiff has appealed.

The lease upon which this suit is based was made December 17th, 1934, and is in writing. It reads in part as follows:

"The lessor shall use reasonable care to see that the equipment is in proper working condition when released to the Lessee and agrees to pay for any and all equipment and repairs to place said equipment in working condition.

"The Lessee agrees to maintain said equipment in the same condition as when delivered, usual wear and tear excepted. Should any part or parts of said equipment fail or break, said part will be replaced at the expense of the Lessor, except said breakage or loss is the result of carelessness or inefficient operation."

The crane was taken over by Riess and used in connection with the enlargement of the "Little Texas Levee", in execution of a contract which Riess had with the United States Government for that purpose. It was returned by Riess to Brockman Company on October 29th, 1935, when repairs costing $1,007 were made. Of this sum it is claimed that $526.18 should be paid by Riess, because, up to this amount, the repairs were made necessary as the result of "the carelessness or inefficient operation" of the crane when it was in the possession of Riess.

The alleged negligent operation of the crane is based upon a number of acts of omission and commission. For example, river water was used in the radiator of the crane with the result that sand and sediment accumulated; the "base gasket of the engine was blown out and oil permitted to squirt all over the radiator", and notwithstanding the fact that "there was a leak of water into the cylinders", Riess continued to operate the crane without repairing the leak; the linings of the brake bands were worn; the engine used from four to five gallons of lubricating oil a day, an evidence that it was out of order and should not have been operated in this condition; the engine had a "cracked yoke" and "to operate a crane with a cracked yoke is negligent operation"; the grease fittings were missing when the crane was returned; the cylinder head of the engine was cracked; the hoist pump bearings were damaged; that there was a "definite knock" in the engine when it was returned; and the headlight of the engine was completely demolished.

The record is replete with testimony concerning the several items of damage which are alleged to have been caused by the negligent operation of the crane by the defendant. To discuss each of them in detail would unduly and unnecessarily extend this opinion. However, we have given careful consideration to all of the charges and have reached the conclusion that the trial judge was correct in his holding to the effect that the plaintiff had failed to prove its case.

It must be borne in mind that the contract of lease did not obligate the lessee to replace broken parts of the crane, but only such breakage as might occur as the result of "carelessness or inefficient operation". The testimony is to the effect that the men in charge of the crane were very efficient and skilled in work of that character and such breakage and damage as did occur seems to have been underwritten by the lessor. For example, the lease provides that "should any part or parts of said equipment fail or break, said part will be replaced at the cost of the lessor". There is some testimony in the record to the effect that the break in the cylinder head, repaired at an expense of $118.33, could have been due to the pouring of cold water into the radiator when the engine was hot, but there is no evidence that the defendant or his employees were guilty of this practice. Moreover, it appears that in the normal operation of a crane, cylinder heads occasionally break. Riess, the defendant and lessee, testified that it was not unusual for cylinder heads in other machines which he owned to crack without apparent reason.

There is no doubt but what the crane was in need of considerable repair when it was returned to plaintiff and that the repairs were made at an expense of $1,007, and that only about half of this amount is charged to the defendant. Counsel suggests with reason, we believe, that this moderation is an evidence of plaintiff's good faith

and that the abandonment of an item of $26.50 during the progress of the trial by remittitur is also an indication of plaintiff's fairness. However that may be, the only repairs which Riess was obligated to make under the contract, which, incidentally, was drawn up by Riess, were such as resulted from the carelessness or inefficiency of his employees, a situation which it seems to us plaintiff does not fully realize. There being no proof of the carelessness or inefficiency of defendant's servants in the operation of the crane, plaintiff has failed to make out its case, consequently, and for the reasons assigned, the judgment appealed from is affirmed.

Judgment affirmed.